IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO ORTIZ )<br>   *Plaintiff*, )<br>)<br>v. )<br>)<br>WELLPATH, f/k/a CORRECT CARE )<br>SOLUTIONS, LLC, GEISINGER )<br>CLINIC, ZACH ROTTMAN, DO )<br>DANIEL LONGACRE, PA, )<br>   *Defendant*. ) | Docket No. 4:22-cv-853<br><br><br>**JURY TRIAL DEMANDED** |

## MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR CONVICTION

Plaintiff Antonio Ortiz, by his attorneys the Mizner Law Firm, files this Motion in Limine to Exclude Evidence of Mr. Ortiz's Prior Conviction and states:

1.  Mr. Ortiz has been incarcerated in the custody of the Pennsylvania Department of Corrections for third degree murder, since 2005.

2.  It is anticipated that counsel for the defendants may attempt to introduce into evidence Mr. Ortiz's criminal conviction.

3.  The admissibility of a prior conviction for impeachment purposes is governed by Federal Rule of Evidence 609. Rule 609(a)(1) provides, in relevant part, as follows: The following rule applies to attacking a witness's character for truthfulness by evidence of a criminal conviction:

**(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

**(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant…..

1

4. In a civil case, a conviction for a crime that was punishable by more than one year of imprisonment must be admitted for impeachment purposes, subject to Federal Rule of Evidence 403. Fed. R. Evid. 609(a)(1)(A). *Robinson v. Banning,* 2021 U.S. Dist. LEXIS 228509 (E.D. Pa. Nov. 30, 2021).

5. Federal Rule of Evidence 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

6. In assessing its admissibility, the Court weighs four factors against the potential prejudice in admitting the conviction: (1) the nature of the conviction, (2) the time elapsed since the conviction, (3) the importance of the witness's testimony to the case, and (4) the importance of the credibility to the claim at hand. *Robinson v. Banning,* 2021 U.S. Dist. LEXIS 228509 (E.D. Pa. Nov. 30, 2021) citing *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014) (citing *United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir. 2007)).

7. If neither the conviction nor the witness' release from confinement for it occurred within ten years of the trial, the conviction is only admissible if its probative value substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b)(1); *United States v. Hans*, 738 F.2d 88, 93 (3d Cir. 1984).

8. As to the first factor, the nature of the conviction, Mr. Ortiz's conviction for third degree murder, is not the type of crime which has traditionally been regarded "as conduct which reflects adversely on a man's honesty and integrity." *Robinson v. Banning,* 2021 U.S. Dist. LEXIS 228509 (E.D. Pa. Nov. 30, 2021). Because "crimes of violence are less probative of honesty than are crimes involving deceit or fraud," this first factor weighs in favor of excluding

the evidence of Mr. Ortiz's conviction. *See Brown v. McCafferty*, No. 18-1126, 2020 U.S. Dist. LEXIS 30736, at *3 (E.D. Pa. Feb. 24, 2020)

9. The second factor, the time elapsed since the conviction, weighs heavily in favor of excluding the evidence, as his conviction was in 2005, nearly twenty years ago.

10. The third factor, the importance of the witness's testimony to the case, weighs very heavily in favor of Mr. Ortiz. The only other witnesses to this event are the Defendant himself, PA Longacre, and the parties' medical experts. Without Mr. Ortiz's testimony, he has no case to present.

11. The fourth factor, the importance of the credibility to the claim at hand, also weighs heavily in Mr. Ortiz's favor. Mr. Ortiz's testimony about the injury he suffered, and the medical care and treatment he subsequently received, are all supported by the various medical records developed through his course of treatment.

12. The only real benefit to the Defendants in introducing Mr. Ortiz's third degree murder conviction, would be to make him appear unworthy of compensation for the injury he has suffered at the hands of the Defendants' negligent conduct.

13. As such, the prejudice to Mr. Barber of introducing into evidence his prior conviction for third degree murder substantially outweighs any probative value and therefore should be excluded. Fed. R. Evid. 609(b)(1); *United States v. Hans*, 738 F.2d 88, 93 (3d Cir. 1984).

WHEREFORE, plaintiff Antonio Ortiz respectfully requests that the Defendants be prohibited from asking any question about, or introducing evidence of, Mr. Ortiz's prior conviction for third degree murder.

Respectfully submitted,

MIZNER LAW FIRM

By: /s/ John F. Mizner

John F. Mizner
PA Bar No. 53323
jfm@miznerfirm.com

311 West Sixth Street
Erie, Pennsylvania 16507
814.454.3889

*Attorneys for the Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ANTONIO ORTIZ                    )

|  |  |  |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. 4:22-cv-853 |
| WELLPATH, f/k/a CORRECT CARE | ) | |
| SOLUTIONS, LLC, GEISINGER | ) | |
| CLINIC, ZACH ROTTMAN, DO | ) | |
| DANIEL LONGACRE, PA, | ) | |
| *Defendant*. | ) | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2024, the foregoing Motion in Limine was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties who have appeared of record by operation of the Courts ECF system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Those parties may access this filing through the courts ECF system.

    Respectfully submitted,

    MIZNER LAW FIRM

    /s/ John F. Mizner

    *Attorney for the Plaintiff*